UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADVOCATE FINANCIAL, L.L.C.

VERSUS

PARKER INTERESTS, L.L.C., ET AL

CIVIL ACTION

NUMBER 07-757-FJP-CN

**RULING**

This matter is before the Court on defendants Parker Interest, L.L.C. and Ernest L. Parker's[1] Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this case to the Western District of Louisiana, Lafayette Division.[2] Plaintiff Advocate Financial, L.L.C. ("Advocate") has filed an opposition to the motion.[3] For the reasons set forth below, the Court denies defendants' Motion to Dismiss and their alternative Motion to Transfer.

I. **Factual Background**

Plaintiff filed this action in the Middle District of Louisiana.[4] The case involves the alleged failure by defendants to repay loans made by the plaintiff and the defendants' alleged

---

[1] Defendants may sometimes be collectively referred to as "Parkers" in this ruling.

[2] Rec. Doc. No. 6.

[3] Rec. Doc. No. 7.

[4] Rec. Doc. No. 1.

Doc#45047                                1

failure to comply with the terms of the "settlement agreement" and an "admission agreement."[5] These agreements were merely a restructuring of defendants' payment obligations due on the loans.

Both defendants are domiciled in the Western District of Louisiana.[6] The settlement agreement and the admission agreement were entered into in the Western District of Louisiana, but substantial portions of these agreements were negotiated in the Middle District of Louisiana by defendants' attorney who is based in Baton Rouge. In addition, plaintiff's only office is located in Baton Rouge. All money lent by plaintiff is disbursed from its Baton Rouge-based bank accounts. All loan payments are received in Baton Rouge and deposited into bank accounts located in Baton Rouge. All loans, including the loans made to defendants, were administered from plaintiff's Baton Rouge office, and all of the documents relating to these transactions were also stored in Baton Rouge.

## II.  Law and Analysis

Defendants urge the Court to dismiss or alternatively to transfer this case pursuant to 28 U.S.C. § 1406(a), which

---

[5] The plaintiff's complaint alleges that the parties entered into numerous settlement agreements over the course of the business relationship between the parties, but the agreements relevant to the present action, entitled "settlement agreement" and "admission agreement," were entered into on May 16, 2006, and are attached as exhibits to the plaintiff's complaint.

[6] Specifically, both defendants are domiciled in the Parish of Lafayette, Louisiana.

Doc#45047                                2

authorizes dismissal or transfer when venue is improper.[7] Thus, the threshold issue to be decided on this motion is whether the Middle District of Louisiana is a court of proper venue. A finding by the Court that the current venue is proper would be determinative of this motion because neither dismissal nor transfer is authorized under Section 1406(a) unless the plaintiff's choice of venue is improper.[8]

When jurisdiction is founded on diversity of citizenship,[9] as in this case, 28 U.S.C. § 1391(a) applies to determine the proper venue. Specifically, section 1391(a) reads in relevant part that venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." It is clear that venue is proper when either basis is satisfied.

Plaintiff argues that under section 1391(a)(1), proper venue

---

[7] 28 U.S.C. § 1406(a) reads as follows: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[8] The defendants did not argue that venue should be transferred under 28 U.S.C. § 1404(a) for the "convenience of the parties and witnesses," which would provide an alternative basis for transfer in this case. However, the Court notes for the record that if defendants had advanced this discretionary ground for transfer, the Court would have found that the Middle District of Louisiana is the most convenient forum for trial in this matter.

[9] 28 U.S.C. § 1332.

based on the residence of the defendant is satisfied under the facts of this case. In order to support its argument, plaintiff relies on section 1391(c), which reads in relevant part: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Although the wording of section 1391(c) only appears to apply to corporations, courts have held and it is generally accepted that unincorporated business associations such as partnerships and limited liability companies are analogous to corporations for venue purposes.[10] Therefore, plaintiff argues that venue is proper under section 1391(a)(1) because the defendants reside in the Middle District of Louisiana pursuant to section 1391(c). Plaintiff also argues that the defendants have submitted to personal jurisdiction of this Court by filing the motion now pending before the Court.

The Court disagrees with plaintiff's argument because section 1391(c) requires that personal jurisdiction over the defendant exist "at the time the action is commenced." Though the Court now has personal jurisdiction over the defendants based on their consent, this basis for personal jurisdiction did not exist at the

---

[10] Nayani v. Horseshoe Entertainment, 2007 WL 1062561 (N.D. Tex. 2007), citing Penrod Drilling Co. v. Johnson, 414 F.2d 1217 (5th Cir. 1969)(treating partnership like corporate defendant for purposes of venue); Pippett v. Waterford Development, LLC, 166 F.Supp.2d 233, 238 (E.D. Pa. 2001)(LLC treated as corporate defendant for purposes of 1391(c)).

time the action was commenced. Defendants' filing of the present motion and its consent to personal jurisdiction occurred after the action was commenced but not at the time the action was commenced as required by the statute.[11]

Though venue does not appear to be proper under section 1391(a)(1), it is proper under section 1391(a)(2) based on the location of events and alleged omissions giving rise to plaintiff's claim. Section 1391(a)(2) may provide for proper venue in more than one judicial district. However, the statute does not require the Court to choose the best of two or more forums. The statute simply requires the Court to examine whether the current forum has a substantial connection to the plaintiff's claims.[12] In this case, the events or omissions giving rise to this case include loan transactions, the alleged failure to repay those loans, settlement and admission agreements, and the alleged breach of these agreements. The loans originated from plaintiff's office in Baton Rouge and the loan funds were disbursed from plaintiff's Baton Rouge-based bank accounts. Defendants were required to send loan payments to the plaintiff in Baton Rouge. When the defendants

---

[11] It is possible that the Court may have had personal jurisdiction over the defendants at the time the action was commenced on some other ground. However, plaintiff does not argue that other basis for personal jurisdiction existed at that time, nor does the Court have sufficient evidence on the record before it to make such a finding.

[12] Cavanaugh v. Bluebeard's Castle, Inc., 83 F.Supp.2d 284, 286 (D. Conn. 1999).

allegedly defaulted on these loans, some of the negotiations involving settlement agreements occurred in Baton Rouge. The Court finds that a substantial part of these events occurred in the Middle District of Louisiana under the facts of this case. Therefore, the Court finds that plaintiff has established that the Middle District of Louisiana is a court of proper venue because there is a substantial connection between the events and omissions giving rise to plaintiff's claims and this district.

### III. Conclusion

As discussed herein, the record reflects that plaintiff's choice of venue in the Middle District of Louisiana is proper under 28 U.S.C. § 1391(a)(2) and the facts of this case. Defendants' argument establishes the possibility that the Western District of Louisiana may also be considered a proper venue under section 1391(a)(2). However, when the plaintiff has chosen an appropriate venue, as has been done in this case, the section 1406(a) inquiry ends and the Court need not consider dismissal or transfer to other appropriate venues.

Therefore;

IT IS ORDERED that defendants' Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the

alternative, to transfer to the Western District of Louisiana, Lafayette Division is hereby denied.

Baton Rouge, Louisiana, this 16 day of July, 2008.

```
                              _____
                              FRANK J. POLOZOLA
                              UNITED STATES DISTRICT JUDGE
```